**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZHONGGUI CAO,<br><br>                Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                Respondent. | No. 10-71953<br><br>Agency No. A099-402-038<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 13, 2012
Honolulu, Hawaii

Before: SCHROEDER, CALLAHAN, and N.R. SMITH, Circuit Judges.

Zhonggui Cao, a native and citizen of China, petitions for review of a

decision of the Board of Immigration Appeals (BIA) affirming an immigration

judge's (IJ) denial of his application for asylum and withholding of removal. We

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

BIA's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

1.  Substantial evidence supports the BIA's finding that Cao did not suffer past persecution where he was detained for two days, without physical injury, and warned once not to participate in Christian house churches. *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (brief detention, beating, and interrogation did not compel a finding of past persecution by Chinese police on account of unsanctioned religious practice); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder could have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so.").

2.  Substantial evidence also supports the BIA's finding that Cao does not have a well-founded fear of future persecution. *See Gu*, 454 F.3d at 1021-22. Because Cao did not suffer from past persecution, he does not have a rebuttable presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Cao has not demonstrated even a ten percent chance of future persecution. *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). His similarly situated wife remains in China and continues to participate in house church activities without incident. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of

2

persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident . . . ." (internal quotation marks and citation omitted)), *superseded by statute on other grounds as stated in Ramadan v. Gonzalez*, 479 F.3d 646, 650 (9th Cir. 2007). While other members of Cao's house church have been arrested, there is no evidence regarding the details of the arrest. Lastly, country reports do not indicate that future persecution is likely, because Cao is not a prominent leader nor in a large house church group. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (9th Cir. 2002). Thus, "[a] reasonable factfinder would not be compelled to conclude that [Cao] either suffered past persecution or has a well-founded fear of persecution." *Gu*, 454 F.3d at 1022. Accordingly, Cao's asylum claim fails.

3.     Cao did not assert that the BIA erred in denying withholding of removal in his opening brief. Thus, it is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issue not argued in opening brief deemed waived). Even if not waived, because Cao failed to establish his eligibility for asylum, he necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**